89 So.2d 488 (1956)
Richard EDGERTON, Hotel and Restaurant Commissioner of the State of Florida, Appellant,
v.
INTERNATIONAL COMPANY, Inc., a Florida Corporation, Appellee.
Supreme Court of Florida. Special Division A.
September 12, 1956.
Richard W. Ervin, Atty. Gen., and John C. Reed, Asst. Atty. Gen., for appellant.
Patton & Kanner, Miami, for appellee.
WARREN, Associate Justice.
Appellee, International Company, Inc., a Florida corporation, was the petitioner, and appellant, Richard Edgerton, hotel and restaurant commissioner of the State of Florida, was the respondent in proceedings in the circuit court wherein appellee sought a writ of prohibition to prevent appellant from proceeding toward the suspension or *489 revocation of the appellee's hotel and coffee shop licenses because of matters alleged in a complaint and notice to show cause issued by the appellant and dated April 14, 1955.
On April 16, 1955, there was delivered to appellee the complaint and notice to show cause which ordered and directed appellee to show cause why its licenses should not be suspended or revoked because of alleged acts occurring from on or about January 1, 1955, to and including February 14, 1955. The complaint and notice to show cause were delivered to appellee more than sixty days after the alleged cause for suspension or revocation arose. Delivery was effected by means of registered mail. The letter was postmarked prior to its actual delivery to the appellee, having been registered on April 14, 1955 with sufficient postage and deposited in the mail at Tallahassee, for delivery to the appellee.
Appellee filed its suggestion for a writ of prohibition, alleging that appellant was without jurisdiction of the subject matter because the proceedings were not commenced within sixty days after the cause for suspension arose as required by section 511.051, F.S. The court, issued its rule nisi directed to appellant to show cause before the court why the writ of prohibition should not be entered, a hearing was held, and the court issued its writ of prohibition.
Chapter 511, F.S.,[1] was concerned with hotels, restaurants and dining cars, and the regulation thereof.
Section 511.051 provided that licenses might be suspended or revoked whenever the owner, lessee or manager knowingly let, leased, or gave space or concession for gambling purposes. Subsections (4) and (5) specifically provided that "(4) Proceedings for suspension or revocation under this section, and for review of such proceedings, shall be in accordance with those provisions of Section 511.05, Florida Statutes, which govern proceedings for suspension and revocation for the causes specified in said section", and "(5) Every proceeding for suspension or revocation under this section shall be commenced within sixty days after the cause for suspension or revocation specified in subsection (1) hereof arises." Section 511.05 stated that the hotel commission might upon compliance with the provisions thereafter set forth, close, suspend or revoke licenses, and that "Proceedings for the revocation of any such license shall be by serving a copy of a written notice as provided in Section 511.29 * * *." Section 511.29 declared that "All notices to be served by the hotel commissioner, provided for in this chapter, shall be in writing and shall be either delivered personally, or by a deputy hotel commissioner, or by registered letter, to the owner, agent, lessee or manager of such building or premises, or the owner, agent, lessee or manager of such hotel, apartment house, rooming house or restaurant."
To summarize, chapter 511 provided that every proceeding should be commenced within sixty days after the cause for suspension or revocation arose, that proceedings should be by serving a copy of the notice, and, that all notices to be served should be delivered.
Statutory authority given to administrative officers must be exercised in accordance with the requirements of controlling provisions and principles of law. Atlantic Coast Line R. Co. v. State, 106 Fla. 278, 143 So. 255. In 42 Am.Jur., Public Administrative Law, Sec. 68, the following statement is found: "Administrative authorities are creatures of statute and have only such powers as the statute confers on them. Their powers must be exercised in accordance with the statute bestowing such powers, and they can act only in the mode prescribed by statute. If a power or duty is imposed upon him jointly or as a body, it may not be exercised by *490 them acting individually and separately. They cannot rightfully dispense with any of the essential forms of proceedings which the legislature has prescribed for the purpose of investing them with power to act. A commission may not assert the general power given it and at the same time disregard the essential conditions imposed upon its exercise. Officers must obey a law found upon the statute books until in a proper proceeding its constitutionality is judicially passed upon." Also, see State ex rel. Railroad Com'rs v. Louisville & N.R. Co., 62 Fla. 315, 57 So. 175; State ex rel. Railroad Com'rs v. Southern Telephone & Construction Co., 65 Fla. 270, 61 So. 506; McRae v. Robbins, 151 Fla. 109, 9 So.2d 284. And there must be some basis in a statute for the exercise of jurisdiction and power involved in making an order. State ex rel. Burr v. Jacksonville Terminal Co., 71 Fla. 295, 71 So. 474. If there is a reasonable doubt as to the lawful existence of a particular power that is being exercised, the further exercise of the power should be arrested. State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 So. 969, 32 L.R.A.,N.S., 639.
It is appellant's contention that the point of determination herein is the interpretation of the word "commencement" as contained in section 511.05(5), it being his belief that when he placed the notice in the mail he commenced the proceedings, and he says that the language "Every proceeding for suspension or revocation * * * shall be commenced within sixty days after the cause for suspension or revocation * * * arises" is a limitation of the same caliber and nature as that contained in F.S. section 932.05, F.S.A., providing that "All offenses not punishable with death * * * shall be prosecuted within two years after the same shall have been committed." In the three cases referred to us by him, Rouse v. State, 44 Fla. 148, 32 So. 784; Dubbs v. Lehman, 100 Fla. 799, 130 So. 36; and Horton v. Mayo, 153 Fla. 611, 15 So.2d 327, which involved an interpretation of said section, the court dealt with the view of many authorities that the limitation is not upon the filing of the indictment or information, but upon the prosecution, which is regarded as commenced when the warrant has been placed in the hands of the proper officer for service. These cases do not aid appellant. The manner of operation of the word "prosecuted," used in the statute, was not further given, described or limited, while in the situation before us subsections (4) and (5) of section 511.051 were amplified by sections 511.05 and 511.29, and when read in conjunction they effectually provided that proceedings should be commenced by serving a copy of written notice which should be delivered. In other words, section 511.051 stated when the proceedings should be commenced, just as in the criminal statute, and sections 511.05 and 511.29 stated how they should be commenced.
Since the complaint and notice to show cause admittedly were not received by appellee until the sixty-first day, the proceedings were not commenced within sixty days, as required by law, for failure to deliver the same within sixty days. While the notice could have been lawfully delivered by registered mail, the delivery was required to be within sixty days; here it was placed in the mail on the fifty-ninth day, but delivered one day late. It was only mailed within sixty days.
It may be that appellant in some instance may find himself unable to effect service within sixty days after the cause for suspension or revocation arises, because of our conclusion that there must be a delivery of the notice, but this is a matter for the legislature.
Affirmed.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.
NOTES
[1] Now F.S.A. § 509.011 et seq.