**FIVE O'CLOCK CLUB v. STATE BEVERAGE DEPARTMENT, et al.**
No. 61 L 146.

Circuit Court, Dade County.
June 9, 1961.

John Charter Reed, Reed, Manners & Amoon, Miami, for petitioner.

Sam Pasco, Tallahassee, and Paul A. Louis and Harvie S. DuVal, both of Miami, for respondents.

HAL P. DEKLE, Circuit Judge.

This cause came on for final hearing upon the petition for certiorari of Five Sky, Inc., doing business as the Five O'Clock Club, to have reviewed an order of the State Beverage Department, by the director L. Grant Peeples, on December 29, 1960, revoking the petitioner's state alcoholic beverage license.

The court having examined the petition and the record and having reviewed the briefs filed herein and having heard oral argument on behalf of both the respondents and the petitioner, and being otherwise fully advised in the premises, is of the opinion that the order of revocation was not entered in accordance with the essential requirements of law, and must therefore be quashed.

This case arose in July of 1960, when agents of the beverage department made an undercover investigation into activities of certain night clubs located in Dade County, one of which was the Five O'Clock Club, operated by the petitioner herein.

The record discloses that this investigation was terminated by a raid on July 22, 1960, and that thereafter a notice to show cause in 27 counts was promulgated by two of the attorneys for the department and served upon the petitioner on August 4, 1960.

The record discloses that this notice to show cause, setting forth the charges for the suspension and revocation of the petitioner's license, was made, promulgated and prepared without any knowledge on the part of the director of said department. The record discloses that it was not L. Grant Peeples as director of the beverage department, who promulgated and gave the

charges to the petitioner, but indeed, mere employees of the department made the determination as to what the charges would be and then served them upon the petitioner.

The petitioner then, pursuant to provisions of §561.29, Florida Statutes, requested a hearing before the director and thereafter at the commencement of the hearing on September 24, 1960 made timely objection to the notice to show cause as not being promulgated by the respondent director, as required by statute.

The petitioner's objection was denied by the respondent beverage director, who proceeded to take testimony and evidence on behalf of the state beverage department against the petitioner.

Thereafter on December 29, 1960 the respondent beverage director entered his order revoking the petitioner's alcoholic beverage license, based upon the said notice to show cause that was promulgated and served upon the petitioner in the manner heretofore described in this opinion.

Petitioner, in addition to contending that the order of revocation in this case does not comport with the essential requirements of law by reason of the defective notice to show cause, has also made certain legal contentions before this court, which raise a constitutional question. However, since a decision upon the constitutional question was not necessary to a decision of this case, the constitutional question was not argued and the court does not herein adjudicate such question.

As to petitioner's remaining contention, that under the circumstances appearing from the record in this case the notice to show cause must be held to be fatally defective, this court must agree.

Moreover, this is so even though the evidence appearing in the record discloses a detestable and abominable situation of lewd and indecent acts on petitioner's premises for which the respondent would have been justified in revoking petitioner's license had the respondent proceeded legally in accordance with §561.29, Florida Statutes — the statute conferring authority to suspend or revoke.

Administrative officers are creatures of statute and have only such powers as the statute confers on them. Their powers must be exercised in accordance with the statutes bestowing such powers and they can act only in the mode prescribed by statute. Edgerton v. International Company, 89 So. 2d 488, 489.

The respondent beverage director is purely an administrative authority, deriving his power from the statutes. He is, therefore,

a creature of statute and has only such powers as the statute confers on him. §561.29 confers upon the beverage director the power to suspend or revoke beverage licenses and subsection (3) provides the means by which it shall be done.

As material here, §561.29 (3) provides — "Before the director shall revoke or suspend the license of any licensee, *he* shall give such licensee a written statement of such cause for revocation or suspension of license. . . ." (Italics added.)

An examination of the notice to show cause given in this case discloses that the notice to show cause was issued by certain attorneys for the beverage department, and not by the director.

Petitioner to support its contention that the respondent departed from the essential requirements of law in this case cites Crone v. Peeples, 124 So. 2d 876, 877-878, wherein the District Court of Appeal of Florida, First District, in commenting on the precise point involved, held —

> Upon appeal to this court appellant has raised the question, not presented to the circuit court, of whether the notice to show cause as given herein to the licensee pursuant to Section 562.29 (3), Florida Statutes, was sufficient to vest the Director of the Beverage Department with jurisdiction to hold the hearing and enter the order suspending appellant's license. The statute provides that "before the director shall revoke or suspend the license of any licensee, *he* shall give such licensee a written statement" of the cause of revocation or suspension of license. The notice given in this case was signed: "Sam Pasco, Attorney for State Beverage Department." It is admitted that neither the notice nor its subject came to the attention of the director until after it was issued. . . . Our review of the statutes relating to the Beverage Department fails to disclose any power vested in its attorneys or any person other than the director himself to issue the notice upon good cause shown.

> Appellee admits that prior to 1955 it was the practice for the director to sign such notices, and states that it was abandoned as fictional and also because, under the practice of the attorney giving the notice, as followed in this case, the record is clear of any implication that the director is the actual prosecutor at the administrative hearing. That reasoning is specious and affords no proper basis for failure to comply with the statute. *Due process under the constitutional guaranty requires that the citizen not be deprived of valuable property rights upon anything less than a charge made by a specifically authorized competent authority. That was clearly the legislative purpose in providing that 'he' (the director) should give the licensee a written statement of the alleged cause for revocation or suspension of the license.*

> Upon timely objection the defect involved in this case could and should have been cured by the director giving the required statutory notice under his hand. By proceeding with the hearing the director adopted as his own the charges contained in the notice, as well as the notice proper. Where the licensee has failed to make timely objection and, upon the notice actually given, has attended a hearing thereon before the director, as is

the case here, he will be deemed to have waived the procedural defect that arises by reason of the failure of the director to give the notice under his hand. (Italics added.)

In the case now before the court the petitioner did in fact make timely objection and the record discloses that the notice to show cause was in fact *not* given by L. Grant Peeples, the director of the beverage department, that neither the notice nor its subject came to the attention of the director until after it was issued — therefore, this court must and does conclude that the above cited case is controlling and determinative of the question.

Further, that this error complained of by the petitioner is substantial. It is not without force to note that §561.29 requires a licensee to request a hearing within ten days after receiving a notice to show cause, otherwise the respondent is authorized to summarily revoke his license *without* a hearing of any kind. Had this procedure been followed in this case under the defective notice to show cause, the revocation of petitioner's license would, a fortiori, have been a revocation by the attorneys for the department and not by the director. It would have mattered little that the director signed the order of revocation.

For the reasons above stated the petition for writ of certiorari is granted and the revocation order of December 29, 1960, entered by L. Grant Peeples, director of the state beverage department, is quashed, vacated and set aside with prejudice and at the cost of the respondents.