QUESTION:
May the Florida State Board of Dentistry appoint an acting or interim executive director who is not a graduate of a dental college?
SUMMARY:
If the Florida State Board of Dentistry employs or appoints an acting or interim executive director to perform all the duties of the position of executive director, such employee or appointee should be a graduate of a dental college. However, in the absence of an executive director, the board may utilize such other personnel as are necessary to carry out its functions.
Section 466.08(1), F.S., as amended by Ch. 72-100, Laws of Florida, requires the Florida State Board of Dentistry (hereinafter referred to as the "board") to elect one of its members as chairman, one as vice-chairman, and one as secretary-treasurer. The section also provides that the board may appoint or employ "such other personnel, including but not limited to an executive director as may be necessary to assist the board in doing and performing all of its powers, duties and responsibilities as set forth in the act." All duties delegated to the executive director by the act or by the board are performed by the executive director "under the direction and authorization of the board." Further, the executive director is required to be a graduate of an accredited college of dentistry. (It might be noted that the act does not require the executive director to be a licensed dentist.)
The executive director, under the board's supervision, is authorized to perform certain functions in lieu of the board or a board member. Sections 466.11, 466.28, and 466.33, id. According to the rules of the board promulgated by authority of s. 466.08(1), id., the executive director is made responsible to the board for the performance of all of the board's ministerial functions and is appointed assistant secretary-treasurer of the board in order that he may perform the functions outlined in s. 466.12, id. Chapter 21G-1.04, F.A.C.
As to whether the board may employ or appoint an acting or interim executive director (as you refer to the position) when it is unable, despite good faith efforts, to obtain a permanent executive director, I am of the opinion that the authority to do so may be derived from the board's general power to employ or appoint personnel to assist the board in performing its duties. Certainly, the legislature did not intend that the board cease to function or be without assistance merely because it could not find some qualified individual to replace permanently a resigned or deceased executive director, to whose position the board has delegated all its ministerial duties. Chapter 21G-1.04, id. (Incidentally, I have been informed that the board has apparently succeeded in retaining a dental college graduate to be the new executive director beginning on or about May 1, 1974.)
However, it is a long-settled rule in this state that an administrative or regulatory agency may not assert the general power given it and at the same time disregard the essential conditions imposed upon its exercise. Edgerton v. International Co., 89 So.2d 488, 490 (Fla. 1956). More specifically, when the power to employ or appoint personnel is duly granted by the legislature to a public agency, such power must be exercised strictly within the terms, limitations, and intendments of the delegating language used. Landis v. Bird, 163 So. 248 (Fla. 1935).
As previously indicated, it is an express mandate of the legislature that the executive director be a graduate of a dental college. Section 466.08, supra. Thus, the board could not employ or appoint a person to perform all the functions of executive director and disregard the legislative requirement that such person be a dental college graduate. I am of the opinion, however, that this requirement is not "disregarded" when the board, being unable to find a permanent executive director, utilizes other personnel, regardless of their title, to assist the board in the performance of its functions, including those functions which would otherwise be performed by the executive director.