QUESTIONS: 1. Does a hospital taxing district or a financial institution to whom it endorses notes for payment of hospital bills with recourse as to principal fall within the licensing requirements of the Retail Installment Sales Act or Installment Sales Finance Act (Parts II and III, Ch. 520, F.S.)? 2. Does a hospital taxing district have the statutory authority to accept notes in payment for hospital charges and to charge interest thereon and late payment penalties? 3. Does the procedure described herein constitute giving, lending, or using the hospital district's taxing power or credit to aid any corporation, association, partnership, or person as proscribed by Art. VII, s. 10, State Const.?
SUMMARY: A public hospital furnishing services is not within the purview of the Retail Installment Sales Act or the Installment Sales Finance Act (Parts II and III, Ch. 520, F.S.). The hospital district is not authorized by law to accept notes as payment for hospital charges or to charge interest or late payment penalties on accounts receivable or debts due the hospital for services furnished by the hospital to patients financially able to pay. Article VII, s. 10, State Const., would probably be violated by a hospital taxing district's acceptance of interest-bearing promissory notes in payment of its charges for services furnished to financially able patients and endorsing such notes to local financial institutions with recourse as to principal. According to the facts submitted, the hospital district has proposed a procedure whereby the patient would execute a promissory note in favor of the hospital district for the amount due and owing and at an interest rate within the prevailing usury limit. The district would then endorse the note to a local financial institution with recourse as to principal only. The financial institution would process the note as any other note by sending out the usual payment notices and collection letters where appropriate. In the event that no payment was made on the note for a period of ninety days, the principal of the note would be charged back to the hospital district. The hospital district would not incur any expenses, either on behalf of the maker of the note or the financial institution. If the principal of the note was charged back to the hospital district, it would then proceed with its usual collection procedures. Chapter 520, F.S., as amended by Chs. 73-35, 73-251, and 73-276, Laws of Florida, provides for the regulation of retail installment sales of goods. The applicability of this chapter to doctors and other professionals furnishing skilled services was answered negatively in AGO 067-1: It is my opinion that such contracts involving doctors, dentists or other professional people would be in the nature of personal contracts calling for the skill of one particular doctor or dentist. They would not be contracts for the sale of goods, and would consequently not be within the purview of s. 520.32(1), F.S. I reached a similar conclusion in AGO 071-5 when I concluded that hospitals furnish "services" not "goods," and that by statutory definition a hospital or a corporation providing installment financing of hospital bills was not within the purview of Parts II and III of Ch. 520, F.S.: Therefore I conclude that a corporation that provides financing for services rendered by hospitals is not governed by the provision of Ch. 520, F.S., and these lending institutions are governed by Ch. 687, F.S. . . . [Attorney General Opinion 071-5.] See also the interest and usury law, Chapter 687, F.S. The Indian River County Hospital District was created by Ch. 59- 1385, Laws of Florida (as amended by Ch. 61-2275, Laws of Florida, Ch. 67-1515, Laws of Florida, Ch. 71-688, Laws of Florida, Ch. 72- 568, Laws of Florida). Section 5 of Ch. 67-1515, supra, amended s. 14 of Ch. 61-2275, supra, to provide: The board of trustees shall be authorized and empowered to compromise and settle any accounts receivable or other claim for money due and owing to the district according to such terms and conditions as the board of trustees, in its discretion, may determine. The board of trustees is further authorized and empowered to sell, assign or convey to any person the right, title and interest in any account receivable of [sic] judgment owned by the district by full or part payment of such account or judgment as the board of trustees in its discretion might determine. The quoted portion of the amendment was deleted by s. 5 of Ch. 71-688 and reinstated by s. 1 of Ch. 72-568 retroactively to June 23, 1971, the effective date of Ch. 71-688. Chapter 71-688 also amended s. 2 of Ch. 61-2275 to authorize and empower the district governing board to establish, purchase, operate, and maintain such billing and collection services as deemed necessary for the people of the district. Section 14(3) of Ch. 72-568, supra, authorizes the district hospital board to levy a special tax to be used by the board to operate and maintain billing and collection services and to pay other expenses necessary in carrying on the business of the district. Section 4 of Ch. 61-2275, supra, gives the governing board all the powers of a body corporate, including the power to sue, to be contracted with, and to contract. Section 20, Ch. 61-2275, authorizes the board to collect from financially able patients such charges as the board may establish. [Indigents are cared for without charge.] The district board is not authorized to accept notes as payment of its established charges for financially able patients and is not authorized to charge any late payment penalties or interest on such charges. Statutory agencies or entities, such as this hospital taxing district, cannot exercise any power or perform any function not specifically or by necessary implication authorized by statute. If there is any doubt about a power, then such agency or entity cannot exercise it. Nohrr v. Brevard County Educational Fac. Auth., 247 So.2d 304, 309 (Fla. 1971). In State ex rel. Burr v. Jacksonville Terminal Co.,71 So. 474 (Fla. 1916), the court stated that there must be some basis in a statute for the exercise of jurisdiction and power involved in making an order. If there is reasonable doubt as to the lawful existence of a particular power that is exercised, the further exercise of the power should be arrested. State v. Atlantic Coast Line R. Co., 47 So. 969 (Fla. 1908); Edgerton v. International Co., 89 So.2d 488 (Fla. 1956). In AGO 058-193 one of my predecessors in office stated: The powers of an administrative agency are limited, being only those which are legally conferred upon it by statute expressly or impliedly for the purpose of carrying out the aims for which it was established. . . . It must be indispensable to the fulfillment of the legislative intent. Without statutory authorization, a governmental agency should not attempt to exact promissory notes and interest from its patients in payment of hospitalization charges. The hospital district has the authority to charge reasonable charges or fees for caring for financially able patients and to collect such charges. Absent statutory authorization, however, the hospital has no power to impose penalties for late payment nor to charge interest on the amount due and any cost of compromising claims or bills is borne by tax revenues. The legislature has provided the means for operating and maintaining a billing and collection system by authorizing the district hospital board to levy a special tax for such purposes. Section 14(3) Ch. 72-568, supra. The district hospital board, in accepting interest-bearing promissory notes from patients in payment of its charges for hospital services and endorsing such notes to local financial institutions with recourse as to principal, would be using its credit to benefit private individuals or corporations. Such a procedure would not be merely incidental to the paramount public purpose of the hospital district and would probably be violative of Art. VII, s. 10, of the State Constitution. Cf., AGO 072-129; AGO 072-167.