QUESTIONS: 1. Does the Capitol Center Planning Commission have the authority to establish and collect reasonable fees for administration of its regulatory responsibilities under s.272.12(3), F.S.? 2. Would the proceeds of such fees be deposited into the General Revenue Fund or should such fees be maintained in a trust account to be used solely for expenses relating to such regulatory responsibilities?
SUMMARY: Neither the Capitol Center Planning Commission nor the Department of General Services is empowered by statute to establish and collect fees to defray the costs of their respective regulatory duties and responsibilities under s. 272.12, F.S. Your first question is answered in the negative. Section 272.12, F.S., creates, within the Department of General Services, the Capitol Center Planning Commission which is authorized to be the sole planning and zoning authority within the Capitol Center Planning Center. The commission is empowered to approve and coordinate additions to existing buildings as well as the location and construction of new buildings within the capitol center. Section272.12(2). Further, upon the commission's adoption of a development plan for the capitol center, generally, no building permit may be issued by the City of Tallahassee or Leon County for any development proposal within the district unless the development proposal is first certified by the Department of General Services as being in compliance with Ch. 272, F.S. See s.272.12(3). There is no express authority in either Ch. 272, supra, or s. 20.22, F.S., which creates the Department of General Services, which would enable the commission or the department to establish and collect fees to defray the costs of review and handling of development proposals submitted pursuant to s.272.12(3), supra. Unless the legislature has authorized the establishment and collection of fees, the commission and the department must operate within the annual legislative appropriations for carrying out their responsibilities under s.272.12(3), supra. Cf. AGO 074-9. There must be some basis in a statute for exercise of jurisdiction and power by an administrative agency; if there is a reasonable doubt as to the existence of a particular power it should not be exercised. Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); AGO 072- 298. Since the answer to your first question is in the negative, a response to your second question is not necessary.