QUESTIONS: 1. May the Santa Rosa Hospital offer a discount to a cash-paying patient in order to encourage payment at time of service? 2. May the Santa Rosa Hospital charge a penalty for balances not paid at the end of the month, as other businesses do? 3. May the Santa Rosa Hospital have an established system of having the amount of a bill increase over a 3-6 months' period if not paid, similar to that used by the county tax officers?
SUMMARY: The Santa Rosa Hospital lacks the legislative authorization to offer a cash discount for prompt account payment, to impose a penalty for late or nonpayment of accounts, and to increase the amount of an account for nonpayment. The hospital is authorized to sue for collection of such accounts. All three questions are answered in the negative. The Santa Rosa Hospital is created by Chapter 63-1879, Laws of Florida, and is required to seek payment of "reasonable compensation for occupancy, nursing care, medicine, and attendance." Section 9, Ch. 63-1879. Every person not a pauper is required to pay this reasonable compensation. The board of trustees of the hospital has the further authority to investigate to determine if a person is able to pay the reasonable amount charged. The board also has the power "to sue for and collect such amounts as may be due from such patients." Section 9, Ch. 63-1879. Neither the Santa Rosa Hospital nor its board of trustees is authorized to offer cash discounts, impose penalties, or increase the amounts owed if not paid. Attorney General Opinions 073-26 and 060-90. Statutory agencies or entities, such as the Santa Rosa Hospital, cannot exercise any power or perform any function not specifically or by necessary implication authorized by statute. If there is any doubt about a power, then such agency or entity cannot exercise it. Nohrr v. Brevard County Educational Fac. Auth., 247 So.2d 304, 309 (Fla. 1971). In State ex rel. Burr v. Jacksonville Terminal Co.,71 So. 474 (Fla. 1916), the Court stated that there must be some basis in a statute for the exercise of jurisdiction and power involved in making an order. If there is reasonable doubt as to the lawful existence of a particular power that is exercised, the further exercise of the power should be arrested. State v. Atlantic Coast Line R. Co., 47 So. 969 (Fla. 1908); Edgerton v. International Co., 89 So.2d 488 (Fla. 1956). In AGO 058-193 one of my predecessors in office stated: The powers of an administrative agency are limited, being only those which are legally conferred upon it by statute expressly or impliedly for the purpose of carrying out the aims for which it was established. . . . It must be indispensable to the fulfillment of the legislative intent.
In AGO 074-250, I applied these principles to an analogous situation when a hospital district proposed an account collection procedure not specifically authorized by its enabling legislation. The hospital district is not authorized by law to accept notes as payment for hospital charges or to charge interest or late payment penalties on accounts receivable or debts due the hospital for services furnished by the hospital to patients financially able to pay. Without the absent legislative authorization, the Santa Rosa Hospital should not offer a discount to encourage prompt payment of accounts. The Santa Rosa Hospital has the authority and power to require "reasonable compensation" for services rendered, and investigate and sue for collection of nonpaid accounts. Absent further legislative authorization, however, the hospital has no power to impose penalties for late payment or to increase the account balance for late payment or nonpayment. Attorney General Opinion 074-246. The procedure utilized by the county tax collectors is authorized by Ch. 197, F.S., but has not been made applicable to the hospital by the Legislature.