QUESTION: May the Board of Commissioners of the Port of Palm Beach District invest moneys belonging to the port in certificates of deposit issued by local banking institutions?
SUMMARY: Pursuant to s. 665.321(1), F.S., and subject to the conditions prescribed therein, the Board of Commissioners of the Port of Palm Beach District may invest port funds in certificates of deposit issued by savings associations. Article XVI of the Charter of the Port of Palm Beach District, Ch. 74-570, Laws of Florida, provides in pertinent part that The board [of commissioners] is hereby authorized and empowered to invest the moneys belonging to the Port of Palm Beach District in direct obligations of the United States of America for such periods of time as the board shall deem to be in the best interest of the port district and in keeping with good business practices. No other authorization for the investment of port funds appears in the charter. Compare Article XVIII of the charter, which empowers the Board of Commissioners . . . to select as depositories, in which the funds of said board and said district shall be deposited, any bank or trust company authorized under the laws of the United States or under the laws of the State of Florida. . . . (Emphasis supplied.) In AGO 064-111 it was stated that the terms "investment" and "deposit" are not synonymous and interchangeable. As expressed therein, the word "investment" denotes "the placing of capital or laying out of money in a way intended to secure income or profit from its employment;" and the word "deposit" denotes a "contractual relation between one delivering money or thing to bank and bank receiving it with implied agreement to pay it out on depositor's order or return it to him on demand." Cf. AGO's 074-169 and 073-244. Therefore, since the port's charter authorizes investment of port funds only in direct obligations of the United States, the Board of Commissioners may not invest such funds in certificates of deposit unless other statutory authority therefor exists. See Edgerton v. International, 89 So.2d 488 (Fla. 1956), in which the wellestablished rule is stated that special districts (such as the Port of Palm Beach District) possess only such powers as are expressly given or necessarily implied because essential to carry into effect those powers expressly granted. In this regard, s. 665.321(1), F.S., declares that savings accounts in savings associations which are under either state or federal supervision are "legal investments" of the funds of the fiduciaries and public bodies designated therein, including "municipalities and other public corporations and bodies, and public officials. . . ." (Emphasis supplied.) Such investments do require a deposit and pledge of securities on the part of a savings association to secure such investments to the same extent and in the same manner as is provided from time to time by law or regulation with respect to deposits of public moneys in banks, see s. 659.24, id., except to the extent that such savings accounts may be insured by the United States or any instrumentality thereof. Section 665.321(1) id.; see also s. 665.321(3), id., which provides that the provisions of s. 665.321 are "supplemental to any and all other laws relating to and declaring what shall be legal investments for the persons, fiduciaries, corporations, organizations and officials referred to . . . ."; and s. 665.231. Applying the foregoing to the instant inquiry, I am of the opinion that the Board of Commissioners of the Port of Palm Beach District is a public body within the context of s. 665.321(1), F.S. See s.1.01(9), F.S., which provides that, in construing the Florida Statutes where the context will permit, the word "public body" includes "counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts and all other districts in this state." (Emphasis supplied.) Cf. AGO 074-169 holding that a special fire district is a public body within the purview of s. 665.321(1), id. Thus, the board of commissioners may invest port funds in savings accounts of savings associations in the circumstances prescribed in s. 665.321(1), id.; and, since this office has previously ruled in AGO 071-36 that the term "savings accounts" as utilized in s. 665.321(1), id., includes certificates of deposit, I am of the opinion that the board of commissioners may also invest port funds in certificates of deposit issued by such savings associations.