QUESTIONS: 1. May a public defender contract with a nonprofit corporation for the services of a psychologist and investigator employed by such corporation? 2. If the answer to the first question is in the affirmative, then may the public defender pay the consideration of said contract out of budgeted state moneys?
SUMMARY: A public defender is without statutory authority to contract with a private organization for the services of a psychologist or investigator employed by that organization. AS TO QUESTION 1: The proposed contract you have enclosed, between the Office of the Public Defender of the Fifteenth Judicial Circuit and the Palm Beach County Community Mental Health Center, requires the center to provide the services of a psychologist and investigator in its employment for the use of the public defender in carrying out his or her duties under s. 27.51, F.S. The public defender, in turn, will pay the center a fixed monthly charge for furnishing such professional services and provide clerical support and office space for such psychologist and investigator. The office of public defender is established pursuant to Part II, Ch.27, F.S., and all powers, duties, and authority of the several public defenders are contained therein. The power to contract with private corporations or organizations for the professional services envisioned by the proposed contract is not expressly provided for by s. 27.51, s. 27.53, or s. 27.54, nor may such power be necessarily implied from the express authority granted by and enumerated in these statutes. In AGO 068-44 my predecessor stated: "The power of the state to contract is a legislative prerogative and no board or officer can contract for it without legislative authority." Accord: 67 C.J.S. Officers s. 102(c), stating the general rule that: "A public officer can make only such agreements as are expressly or impliedly authorized. . . ." Accord: 42 Am. Jur. Public Administrative Law s. 68, quoted with approval in Edgerton v. International Company, Inc., 89 So.2d 488
(Fla. 1956): Administrative authorities are creatures of statute and have only such powers as the statute confers on them . . . [i]f there is a reasonable doubt as to the lawful existence of a particular power . . . , the further exercise of the power should be arrested. Also see Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974); cert. dismissed,300 So.2d 900 (Fla. 1974) to same effect. Section 27.53(1), F.S., authorizes public defenders to employ "assistant public defenders, investigators, and clerical personnel. . . ." The services of a psychologist or investigator in the employment of and on the staff of a private corporation or organization and being supplied by such private organization to the public defender under a contractual arrangement does not fit into, and is not included in, the express authority to employ the enumerated personnel as state employees granted by the statute, nor is such power to so acquire such professional services by contract necessarily implied in or from the authority expressly granted. The authority expressly visited on the public defender to employ the designated personnel does not carry with it the power to contract for professional services of another organization's staff or personnel. Moreover, s. 27.54, F.S., authorizes the expenditure of public funds only for the payment of salaries of the state-employed assistants and staff of the public defender and the necessary operating expenses of that office. The authority to enter into the contract here envisioned is not necessarily implied in the express provision declaring that all payments for the necessary expenses of the office of the public defender shall be considered to be for a public purpose. It must be concluded, therefore, that a public defender has no statutory authority, express or implied, to contract for the services of a psychologist or investigator employed by a private corporation. Since question 1 is answered in the negative, there is no need for me to address myself to question 2.