The Honorable Chester F. Blakemore Executive Director, Department of Highway Safety and Motor Vehicles
QUESTIONS:
1. Must one who acts as a broker of used mobile homes and who takes neither title nor possession be licensed as a mobile home dealer under s. 320.77, F.S. (1980 Supp.)?
2. Assuming Question Number One is answered in the affirmative, are such used mobile homes which are offered for sale by a broker who takes neither title nor possession `offered and displayed for sale' as that term is used by s. 320.77(3)(h), F.S. (1980 Supp.), so as to require sufficient storage space for the homes at the broker's place of business?
(See also AGO 081-16A)
SUMMARY:
Unless and until legislatively or judicially determined otherwise, mobile home brokers who act as agents or middlemen on behalf of the sellers of mobile homes and who take neither title nor possession of mobile homes are not authorized or required to be licensed as mobile home and recreational vehicle `dealers' under s. 320.77, F.S. (1980 Supp.).
Your first question is answered in the negative and therefore it is unnecessary for me to respond to your second question.
Section 320.77(1)(a), F.S. (1980 Supp.), defines `Dealer' (mobile and recreational vehicle dealers) as follows:
 `Dealer' means any person engaged in the business of buying, selling, or dealing in mobile homes or recreational vehicles or offering or displaying mobile homes or recreational vehicles for sale. Any person who buys, sells, deals in, or offers or displays for sale, three or more mobile homes or recreational vehicles in any 12-month period shall be prima facie presumed to be a dealer. The terms `selling' and `sale' include lease-purchase transactions. The term `dealer' does not include banks and finance companies that acquire mobile homes or recreational vehicles as an incident to their regular business and does not include mobile home rental and leasing companies that sell mobile homes or recreational vehicles to dealers licensed under this section.
Section 320.77(2), F.S., requires that any individual falling within the above mentioned definition be licensed under the provisions of s. 320.77, F.S., and makes it unlawful for any individual required to be so licensed to engage in the business of a mobile home dealer in the State of Florida without a license. Section 320.77(10), F.S., makes violations of s. 320.77, F.S., a misdemeanor; s. 320.77(11), F.S., authorizes the department to seek injunctive relief against any person acting as a mobile home dealer under the terms of s. 320.77, F.S., who is not properly licensed; and s. 320.77(13), F.S., authorizes the department to assess, levy and collect by legal process fines not exceeding $1000 for each violation against any licensee violating any provision of s. 320.77, F.S., or any other law having to do with dealing in motor vehicles.
As I understand the facts, the department has pending at this time, a number of dealer applications from would-be brokers who would operate as agents of the owners of used mobile homes. The broker would not take title or possession of any mobile home, the mobile home being `left on its lot,' but would merely list the home with his agency and represent the seller in finding a buyer for it, as well as handling the details of the closing. The brokers would carry no inventory and would therefore neither possess, store, nor display homes at their business locations or elsewhere, I am assuming for purposes of this opinion, that none of the mobile homes in question would be considered `real property' or `real estate' as set forth in s. 475.01(6), F.S., and Commercial Finance Company v. Brooksville Hotel Co., 123 So. 814
(Fla. 1929), so as to subject any broker to regulation by the Florida Board of Real Estate under the provisions of ch. 475, F.S. Generally, a broker does not offer to buy or procure used mobile homes for the general public or hold himself out as such. In Thomas v. Commissioner of Internal Revenue, 254 F.2d 233, 236 (5th Cir. 1958), a broker was defined as `one whose occupation is to bring parties together to bargain, or to bargain for them in matters of trade, commerce, or navigation. He is essentially a middle man or go between.' See also American Fire Insurance Company v. King Lumber and Manufacturing, Co., 77 So. 168, 174,74 Fla. 130. (Fla. 1917).
Your inquiry and supplemental material suggests that AGO 075-3, which concluded that an automobile brokerage service was a motor vehicle dealer as defined in s. 320.27, F.S. (1973), for which a license was required in order to operate, has some bearing on the instant question since the provisions of s. 320.77, F.S., are very similar to those in the statute construed in AGO 075-3. While the definitions of `motor vehicle dealer' and `mobile home dealer', respectively, in former s. 320.27 and s. 320.77 are similar, the types of brokers or brokerage services considered in AGO 075-3 are not similar to the mobile home brokers or brokerage services implicit in the instant inquiry. The automobile brokerage service involved in AGO 075-3 was the agent of or represented buyers in the procurement of new motor vehicles from the manufacturers at discount sale prices, and held themselves out as being able to so procure new motor vehicles for the general public. Such brokerage services therefore were found to be in fact engaged in the business of buying and selling or dealing or offering to buy and sell and deal in new motor vehicles. The mobile home brokers or mobile home brokerage services involved in the instant inquiry do not act as the agent or broker for buyers of used mobile homes in the procurement of used mobile homes at discount prices, nor do they hold themselves out as or act as procurement agents for buyers generally or the general public. The Legislature, by s. 2, ch. 80-217, Laws of Florida, has clarified the matter as regards motor vehicle dealers, and s. 320.27, F.S. (1980 Supp.), now defines and classifies motor vehicle dealers to include `[n]ew motor vehicle broker' and defines the same to mean: `any person engaged in the business of offering to procure or procuring new motor vehicles for the general public, or who holds himself out through solicitation, advertisement, or otherwise as one who offers to procure or procures new motor vehicles for the general public, and who does not store or display any new or used vehicles for the purpose of selling such vehicles.' Section 8, ch. 80-217, Laws of Florida, amending s. 320.77, F.S., does not similarly classify mobile home and recreational vehicle dealers nor define or make any similar provision for a `mobile home and recreational vehicle broker.' Neither s. 320.27(1)(d), F.S. (1980 Supp.), defining `[n]ew motor vehicle broker' nor AGO 075-3 is apposite to your question and neither controls the resolution thereof. Moreover, if there exists any reasonable doubt as to the lawful existence of statutory authority to regulate mobile home and recreational vehicle `brokers,' the exercise of such power by the department should not be assumed. See, e.g., Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); Department of Health and Rehabilitative Services v. Florida Psychiatric Society, Inc., 382 So.2d 1280 (1 D.C.A. Fla., 1980).
Prepared by: John Rimes, Assistant Attorney General