The Honorable Cody Taylor Clerk of the Circuit Court Holmes County
QUESTIONS:
1. Does a clerk of the circuit court, or his or her deputy clerks, have authority under s. 28.24(26), F.S., to search records for liens and report thereon to the Farmers Home Administration, U.S. Department of Agriculture, for its use in loaning Farmers Home Administration funds or in guaranteeing loans made by private lenders?
2. If the answer to the first question is in the affirmative, what liability does this place on the clerk?
2. The question of any individual or personal liability, or liability as a public officer, of the clerk of the circuit court in performing and certifying or reporting on such searches of the public records is a mixed question of fact and law which this office is not empowered to determine. However, the county is authorized to provide and pay for the defense of civil actions against its officers and employees for acts or omissions arising out of and in the scope of their employment or function and to expend any available funds to pay any final judgment, including damages, costs and attorney's fees, entered in such civil actions on the conditions, and subject to the limitations as prescribed in ss. 111.07, 111.071 and 768.28, F.S. (1980 Supp.).
SUMMARY:
1. The clerk of the circuit court, or his or her deputy clerks, is authorized by and has the duty under the provisions of s.28.24(26), F.S., to search the public records for liens and certify or report to the Farmers Home Administration the results of such searches for its use in loaning Farmers Home Administration funds, or in guaranteeing loans made by private lenders, provided that it first tenders the service charge prescribed by law.
AS TO QUESTION 1:
Your inquiry and forms attached to it indicate that your office has been asked in the past to perform a `lien search' and to report the results of such search to the Farmers Home Administration, U.S. Department of Agriculture. You ask whether the clerk of the circuit court, or his or her deputy clerk, has authority under s. 28.24(26) to make such searches and report thereon to the Farmers Home Administration. Section 5(c), Art. II, State Const., provides that:
 The powers, duties, compensation and method of payment of state and county officers shall be fixed by law. (Emphasis supplied.)
Thus, as a county officer (see s. 1(d), Art. VIII, State Const.), the clerk of the circuit court possesses no inherent powers and can exercise only such authority as has been expressly or by necessary implication conferred upon him by law. Attorney General Opinion 078-95; Accord AGO 080-93 and authorities cited therein;see also Edgerton v. International Co., 89 So.2d 488 (Fla. 1956); Security Finance Co. v. Gentry, 109 So. 221 (Fla. 1926). Therefore, the clerk of the circuit court may perform the above-described `lien search' only if authorized by law.
Section 16, Art. V, State Const., provides for the clerk of the circuit court to be ex officio county recorder. In this capacity and pursuant to the requirements of s. 28.222(1), F.S., the clerk is required to record in the official records all instruments required or authorized by law to be recorded. Such instruments include notices or claims of liens and other instruments relating to the encumbrances of or claims against real or personal property or any interest therein, as well as assignments, releases, cancellations or satisfactions of mortgages and liens. See s.28.222(3), F.S. And, s. 28.24 expressly provides that the clerk of the circuit court is required to make certain charges for services rendered by his office `in recording documents and instruments andin performing the duties enumerated' therein. (Emphasis supplied.) Subsection (26) of s. 28.24 lists one of the specified duties:
 For searching of records, for each year's search. . . . . . . . . .1.00 (Emphasis supplied.)
In such a manner, s. 28.24(26), F.S., not only prescribes a service charge for a search of the records, but also authorizes and places a duty on the clerk of the circuit court to search the official records; included is the authority and duty to search for instruments relating to notices or claims of liens or other encumbrances of or claims against real or personal property, or any interest therein, at the request of any individual or entity, public or private. Cf. AGO 041-249, May 9, 1941, Biennial Report of the Attorney General, 1941-1942, p. 22. Section 28.19(2), F.S., also indicates that the clerk of the circuit court is authorized to conduct an inspection or search of, or make an extract from, records in his custody, if a service charge is tendered in accordance with s. 28.24. Therefore, in light of the express provisions of s. 28.24 and s. 28.19(2), it appears that the clerk of the circuit court is authorized and has the duty to search the records for such liens so long as payment of the service charges required by s. 28.24 are tendered by the party requesting the search. See AGO 074-320 (which concluded that the service charge prescribed by s. 28.24(26) for searching records was applicable to searching criminal records and indexes); AGO 041-249, supra
(schedule of fees fixed by CGL 4867 applicable to searches for county attorney to determine status and disposition of prior and pending cases against a defendant). That same service charge would appear equally applicable to a search of the lien records. Seealso AGO 071-141 (which concluded that the clerk of the circuit court is authorized to collect a fee for searching of indexes and other records and further, that state and federal agencies must be charged for such services). The latter opinion relied upon Edwards v. Law, 36 So. 569 (Fla. 1903), which held that, under an earlier version of s. 28.24, the clerk was entitled to compensation for searching the records *3619 for outstanding tax sale certificates, judgments, mortgages and the like. Additionally, it would seem necessarily implied from the authority and duty to make searches of public records for such liens that the clerk of the circuit court is also authorized to make and deliver a certification or report of the results of a search to any such individual or entity. I also conclude that a deputy clerk is authorized to perform such a search and certify the results, pursuant to s.28.06, F.S., which expressly provides that deputy clerks `shall have and exercise each and every power of whatsoever nature and kind as the clerk himself may exercise . . . .'
AS TO QUESTION 2:
You additionally inquire as to what liability the clerk of the circuit court might incur in performing and reporting on such `lien searches' for the Farmers Home Administration. The question of any individual or personal liability, or liability as a public officer, is a mixed question of law and fact which this office is not empowered to determine. However, I note that s. 768.28, F.S., as amended in 1980, waives sovereign immunity for liability for torts only to the extent specified therein, such that there is a waiver of immunity only for an act or omission of any employee while acting within the scope of his office or employment. And, more specifically, s. 768.28(9)(a) expressly provides that no officer or employee of the state or its subdivisions shall be held personally liable in tort `unless such officer . . . acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Theexclusive remedy . . . shall be by action against the governmental entity . . . .' (Emphasis supplied.) Also see s.111.07, F.S. (1980 Supp.), providing that any county is authorized to provide an attorney to defend any civil action arising from a complaint for damages suffered as a result of any act or omission of action of any of its officers or employees for an act or omission arising out of and in the scope of their employment or function, unless, in the case of a tort action, the officer or employee acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property; and s. 111.071, F.S. (1980 Supp.), authorizing any county to expend available funds to pay any final judgment, including damages, costs and attorney's fees, arising from a complaint for damages suffered as a result of any act or omission of action of any of its officers and employees in a civil lawsuit described in s. 111.07, and providing that if such civil action arises under s. 768.28 as a tort claim, the limitations and provisions of s. 768.28 governing payment shall apply.
Prepared by: Anne Curtis Terry, Assistant Attorney General