Mr. Gary M. Brandenburg County Attorney Palm Beach County Post Office Box 1989 West Palm Beach, Florida 33402-1989 Attention: Mr. Thomas J. Baird Assistant County Attorney
Dear Mr. Brandenburg:
This is in response to your request for an opinion on substantially the following question:
 WHO MAY SERVE AS AN ALTERNATE FOR A COUNTY COMMISSIONER ON A METROPOLITAN PLANNING ORGANIZATION WHEN THE COUNTY COMMISSIONER IS UNABLE TO ATTEND A MEETING OF THE METROPOLITAN PLANNING ORGANIZATION?
Section 339.175, F.S., mandates the establishment of a metropolitan planning organization (M.P.O.) within each urbanized area or group of contiguous urbanized areas where a planning organization is necessary to meet federal requirements for obtaining and expending federal transportation funds. The M.P.O. is a composite local governmental entity in any area where such a planning organization is required and is so designated by the Governor. Section 339.175(1), F.S. "The voting membership of an M.P.O. shall consist of not fewer than 5 or more than 15 apportioned members, the exact number to be determined on an equitable geographic-population ratio basis by the Governor, based on an agreement among the affected units of general purpose local government as required by federal rules and regulations. . . ." Section 339.175(2)(a).
Concerning the appointment of voting members of the M.P.O., s.339.175(2)(a), F.S., in pertinent part, provides:
 All voting members shall be elected officials of general purpose governments, except that a local governing entity which has two or more members on the M.P.O. may appoint, as one of its apportioned voting members, a member of a statutorily authorized planning board or transportation, expressway, aviation, or port authority. In urbanized areas in which authorities or other agencies have been, or may be, created by law to perform transportation functions that are not under the jurisdiction of local elected officials, they may be considered by the Governor for one voting membership on the M.P.O.
Section 339.175(3)(b), F.S., provides:
 The members of an M.P.O. shall serve 4-year terms. The membership of a member will terminate upon his leaving his elective or appointive office for any reason, or by a majority vote of the total membership of a county or city governing entity represented by the member. A vacancy shall be filled by the original appointing entity. A member may be reappointed for one or more additional 4-year terms.
It appears from the memoranda accompanying your request that Palm Beach County Commissioners want to know who may be appointed as alternates with full voting powers on the M.P.O. The word "alternate," as used herein, is defined as "one that takes the place of another: one that alternates with another: . . . an extra person appointed to take the place of another who is unable to perform his duty." Webster's Third New International Dictionary 63 (1981). It is a well-established rule that administrative agencies, such as the M.P.O., are creatures of statute and have only those powers which are conferred upon them by statute. See, Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346 (Fla. 1919); Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); Fiat Motors of North America, Inc. v. Calvin, 356 So.2d 908 (1 D.C.A.Fla., 1978); AGO's 86-90, 85-65, 84-40, 82-89, 76-200 and 73-374. Thus, in the absence of a statute authorizing the participating local governing entity to nominate an alternate to be a part of the voting membership of an M.P.O., I am unable to conclude that such power is conferred. The statute authorizes a local governing entity which has two or more members on the M.P.O. to appoint, as one of its apportioned voting members, a member of a statutorily authorized planning board or transportation, expressway, aviation, or port authority. This appointment, however, is for a regular apportioned voting member, not for an alternate.
Furthermore, the authority to appoint officials is not inherent in the general powers of any governmental agency, and such appointment power must be duly conferred before it can be lawfully exercised. State ex rel. Landis v. Bird, 163 So. 248 (Fla. 1935); 67 C.J.S. Officers s. 36. Cf., s. 339.175(3)(a), F.S., which provides that "[n]onvoting advisers may be appointed by the M.P.O. as deemed necessary." No authority to appoint alternates to the M.P.O. who have voting powers is delegated by s. 339.175 to the participating local governmental entities.
I am therefore of the opinion that, until and unless legislatively amended otherwise, a governmental entity has no authority to appoint alternates to regular members with voting powers to serve on metropolitan planning organization established under s.339.175, F.S., when the regular member on such organization is unable to attend a meeting of the metropolitan planning organization.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Craig Willis Assistant Attorney General