Mr. Harry A. Jones Attorney for the North Brevard County Hospital District 951 North Washington Avenue Titusville, Florida 32796-2194
Dear Mr. Jones:
On behalf of the North Brevard County Hospital District, you ask substantially the following questions:
1. May the North Brevard County Hospital District acquire a stock interest and participate in either a for-profit or not-for-profit corporation where the primary activities of the corporation are to provide health care services that benefit the patients served by the Parrish Medical Center?
2. May the North Brevard County Hospital District extend credit to or guarantee the credit of a for-profit or not-for-profit corporation where the primary activities of that corporation are to provide health care services for the patients served by the district?
In sum:
The North Brevard County Hospital District may enter into contracts with other not-for-profit and forprofit corporations for the provision of health care facilities that benefit patients served by the Parrish Medical Center and may expend public funds therefor provided that funds derived from ad valorem taxation are not used for facilities located outside the district. Moreover, the district appears to be precluded from owning stock in or extending its credit to a private for-profit corporation.
As your questions are interrelated, they will be answered together.
The general rule of law applicable to special districts is that such districts possess only such powers and authority as have been expressly granted by law or necessarily implied therefrom in order to carry out an expressly granted power.[1] As statutory entities, special districts have no inherent power, but rather may exercise only such powers as have been expressly or impliedly authorized by law.
This office has previously considered the authority of a hospital district to enter into joint ventures with not-for-profit and for-profit corporations for the provision of health care facilities. In Attorney General's Opinion 93-83, this office considered whether the Halifax Hospital Medical Center, created by special act as a special taxing district, could establish a not-for-profit corporation to provide employee staffing and management services for the hospital. In con-cluding that the district was authorized to establish such a not-for-profit corporation, the opinion noted that specific legislative language existed in the special act creating the district to authorize the establishment of corporations pursuant to Chapter 617, Florida Statutes. The special act provided that:
The district may form both not-for-profit and forprofit corporations. The for-profit corporations may only engage in health-care related activities. Only the not-for-profit corporations may be capitalized by the district and financially supported by the district.[2]
The hospital district, however, was specifically prohibited from holding in its name corporate stock issued by any forprofit corporation established by the district.[3] This language appears to represent legislative recognition of potential problems related to the constitutional prohibition set forth in Article VII, section 10 of the Florida Constitution, barring the use of public funds in joint ventures and other cooperative projects with private individuals or other private entities.[4]
The North Brevard County Hospital District (district) was created as a special taxing district for the purpose of equipping, maintaining, and operating a hospital in Brevard County.[5] In 1991 the Legislature amended the enabling legislation for the district, providing authority for the hospital board to establish, operate, support and fund a notfor-profit support corporation to further the purposes of the district.[6] A subsequent amendment allows the district to contract for the joint participation with other hospitals and health care providers, both within and beyond the boundaries of the district, to provide benefits to members of the public served by the district.[7] The statute requires that such participation be consistent with all restrictions contained in the Constitution and general laws of the State.
Amendatory legislation in 1995 added two new sections to the district's enabling act:
Section 21. The North Brevard County Hospital District Board is hereby authorized and empowered, notwithstanding any language contained elsewhere in this act to the contrary, to establish, construct, equip, operate, and maintain both within and beyond the boundaries of said district and in addition to hospitals all manner of other health care facilities and all manner of health care services which promote the public health and health care needs of those members of the public served by Parrish Medical Center.
Section 22. Notwithstanding any other provision of this act which permits the joint participation with other hospitals and health care providers or which permits the establishment or providing of other health care facilities or services beyond the boundaries of the North Brevard County Hospital District, the North Brevard County Hospital District Board shall be expressly prohibited from using any funds derived from the assessment of ad valorem taxes on property located within said district to support any such joint participation or to establish or provide any health care facility or health care service beyond the boundaries of the district, it being the express intent of the Legislature that any ad valorem tax funds be used solely toward health care facilities or health care services within the district.
Thus, the district's enabling legislation authorizes the district to contract for the joint participation of the district with other health care providers. It does not, however, allow the district to purchase stock in such corporations.[8] The act speci-fically authorizes the district board to establish and wholly own the stock of a not-for-profit support organization.
Although the act does not prohibit the use of the board's credit to support joint participation with other hospitals and health care providers, it does require that such participation comply with the restrictions contained in the constitution and general laws of the State of Florida. Article VII, section 10, Florida Constitution, provides in part:
Neither the state nor any county, school district, municipality, special district, or agency of any of them, shall become a joint owner with, or stockholder of, or give, lend or use its taxing power or credit to aid any corporation, association, partnership or person. . . .
The courts have recognized that where there is some clearly identified public purpose as the primary objective and a reasonable expectation that such purpose would be accomplished, a public entity may loan or pledge public funds or property to a not-for-profit corporation. The public entity, however, must retain some control over the public funds in order to avoid the frustration of the public purpose.[9] While a public entity may expend public funds to accomplish a public purpose, Article VII, section 10, Florida Constitution, would appear to preclude a public agency from loaning or extending its credit to a private for-profit corporation.
Accordingly, while the district may enter into contracts with other not-for-profit and for-profit corporations for the pro-vision of certain health care facilities and expend public funds therefor subject to the conditions and limitations set forth in its enabling legislation, the district would be precluded from loaning or extending its credit to a private for-profit corporation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] See, Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346 (Fla. 1919); State v. Smith, 35 So.2d 650 (Fla. 1948); Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); AGO's 82-89, 80-55, 76-200, 74-169, and 73-374.
[2] Section 2, Ch. 91-352, Laws of Florida, amending s. 7(3), Ch. 79-577, Laws of Florida.
[3] Id.
[4] Article VII, s. 10, Fla. Const., in pertinent part, provides:
Neither the state nor any county, school district, municipality, special district, or agency of any of them, shall become a joint owner with, or stockholder of, or give, lend or use its taxing power or credit to aid any corporation, association, partnership or person. . . .
[5] See, Ch. 28924, Laws of Florida 1953, as amended.
[6] Section 1, Ch. 91-339, Laws of Florida. The act imposes certain conditions on the expenditure of funds by the district for the support organization.
[7] Section 1, Ch. 95-502, Laws of Florida, amending s. 8 of Ch. 28924, supra.
[8] Cf., Art. VII, s. 10, Fla. Const. 
[9] O'Neill v. Burns, 198 So.2d 1 (Fla. 1967).