Mr. Richard Doran General Counsel Florida Department of Children and Families 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Mr. Doran:
You ask substantially the following question:
May the Health and Human Services Board in Dade County hire an individual to represent the interests of the Department of Children and Families before administrative and legislative bodies or may a private entity use its funds to hire such an individual to advocate on the department's behalf?
In sum:
The Health and Human Services Board in Dade County may not use public funds to hire an individual to advocate on behalf of the Department of Children and Families before administrative and legislative bodies, nor may the board request a private entity to hire an individual to represent the interests of the department. Full-time employees of the board, however, may represent the interests of the board subject to the restrictions in section11.062, Florida Statutes.
Section 20.19(7), Florida Statutes, creates at least one Health and Human Services Board in each service district of the Department of Children and Families for the purpose of "encouraging the initiation and support of interagency cooperation and collaboration in addressing family services needs and promoting service integration." Such boards are specifically authorized to establish additional subcouncils or technical advisory committees.[1] Among the boards' responsibilities, with respect to programs and services assigned to the district as jointly developed with the district administrator, is the duty to "[a]ct as a focal point for community participation in department activities such as: . . . Advocating for community programs and services[.]"[2]
Clearly, a statutorily created entity such as a Health and Human Services Board has only such power and authority as is expressly granted by law or necessarily implied therefrom in order to carry out an expressly granted power.[3] Moreover, any reasonable doubt as to the existence of a particular administrative power should be resolved against its exercise.[4] Absent an express grant of power to lobby or to hire a lobbyist, I am of the opinion that health and human services boards may not expend funds to hire a lobbyist to support issues affecting the Department of Children and Families.[5]
You state that the funds to be used are private funds, but you have provided no indication of how the board would come into possession of such funds, the procedures used to account for the funds, or whether the board would have to rely on legislative appropriation in order to expend the funds once they are in the possession of the board. Once received by the board, such funds would be considered public moneys.[6] In the absence of legislative authorization, it does not appear that a Health and Human Services Board may independently determine how funds it receives will be appropriated.[7]
Section 11.062, Florida Statutes, in pertinent part, provides:
"(1) No funds, exclusive of salaries, travel expenses, and per diem, appropriated to, or otherwise available for use by, any executive, judicial, or quasi-judicial department shall be used by any state employee or other person for lobbying purposes. . . .
(2)(a) A department of the executive branch, a state university, a community college, or a water management district may not use public funds to retain a lobbyist to represent it before the legislative or executive branch. However, full-time employees of a department of the executive branch, a state university, a community college, or a water management district may register as lobbyists and represent that employer before the legislative or executive branch. Except as a full-time employee, a person may not accept any public funds from a department of the executive branch, a state university, a community college, or a water management district for lobbying." (e.s.)
The statute precludes any person except a full-time employee of an agency from accepting public funds to lobby on behalf of a department of the executive branch. Thus, only a full-time employee of the board may engage in lobbying activities on behalf of the Department of Children and Families.
The statute's prohibition against a state agency retaining lobbying services from outside entities, and its restriction against anyone other than full-time employees of an agency engaging in lobbying services on behalf of a department, lead to the conclusion that an agency may not indirectly procure lobbying services through a private entity. It is a general proposition that a public agency may not do indirectly what it is prohibited from doing directly.
Accordingly, it is my opinion that the Health and Human Services Board in Dade County may not hire a lobbyist to advocate on behalf of the Department of Children and Families before administrative and legislative bodies, nor may it request a private entity to secure lobbying services beneficial to the department. Full-time employees of the board, however, may engage in lobbying activities subject to the restrictions in section 11.062, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 20.19(7)(l), Fla. Stat. (1996 Supp.)
[2] Section 20.19(7)(o)6.c., Fla. Stat. (1996 Supp.).
[3] See, Forbes Pioneer Boat Line v. Board of Commissioners ofEverglades Drainage District, 82 So. 346 (Fla. 1919); Ops. Att'y Gen. Fla. 87-39 (1987), 86-90 (1986), and 85-65 (1985).
[4] See, Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); State ex rel. Greenberg v. Florida State Board ofDentistry, 297 So.2d 628 (Fla. 1st DCA 1974), cert. denied,300 So.2d 900 (Fla. 1974).
[5] See, Ops. Att'y Gen. Fla. 85-4 (1985) and 77-8 (1977), concluding in pertinent part that power given to a statutory entity to do all acts or things necessary, desirable or convenient to further the entity's purpose does not authorize the entity to expend public funds for lobbying purposes in the absence of an express power conferred to make such expenditures.
[6] Cf., Op. Att'y Gen. Fla. 97-41 (1997), citing State v. Townof North Miami, 59 So.2d 779, 785 (Fla. 1952) (moneys given or bequeathed to a public entity do not lose their character as public moneys).
[7] Cf., s. 413.011(1)(j), Fla. Stat. (1996 Supp.), authorizing the Division of Blind Services in the Department of Labor and Employment Security to receive moneys by gift and to disburse such funds upon its own warrant for any of the purposes set forth in its enabling legislation; and s. 242.331(5), Fla. Stat., allowing the Board of Trustees for the Florida School for the Deaf and the Blind to receive gifts and to deposit such funds outside the State Treasury, to be spent by its own warrant for the use and benefit of the school.