Mr. Stephen W. Fisk Attorney Holiday Park, Park and Recreation District 217 South Nassau Street Venice, Florida 33595
Dear Mr. Fisk:
This is in response to your request for an opinion on substantially the following questions:
 1) WHETHER THE CITY OF NORTH PORT POLICE DEPARTMENT IS AUTHORIZED TO ENFORCE THE PROVISIONS OF CH. 316, F.S., THE FLORIDA UNIFORM TRAFFIC CONTROL LAW, WITHIN THE HOLIDAY PARK, PARK AND RECREATION DISTRICT.
 2) WHETHER THE HOLIDAY PARK, PARK AND RECREATION DISTRICT IS AUTHORIZED TO ENFORCE RESTRICTIONS SUCH AS ARE SET FORTH IN CH. 316, F.S., WITHIN ITS OWN BOUNDARIES.
QUESTION ONE
The Holiday Park, Park and Recreation District, a special taxing district and political subdivision of the state, was created by Ch. 81-441, Laws of Florida. The district is located within the incorporated boundaries of the City of North Port. The business and affairs of the district are conducted and administered by a board of nine trustees. See, s. 3, Ch. 81-441. In your letter of inquiry, you have informed me that the roads within the district are private thoroughfares and not available for use by the general public.
This office has previously addressed the question of whether a municipal police department has the authority or duty to enforce the provisions of Ch. 316, F.S., on private roads located within a private development. See, AGO 83-84 which concluded that
 [t]he provisions of ch. 316, F.S., are enforceable on private property only when the public has a right to travel by motor vehicle thereon. If access to and common use of roads on private property is not generally available to the public but is legally limited by recorded restrictive covenants to those having express or implied permission from the owner, then the provisions of ch. 316 are not applicable and the municipal police department does not have the right or obligation or authority to enforce ch. 316 on such private property regardless of an invitation by the private property owners to said department.
The foregoing conclusion was based on the language of s.316.640(3)(a), F.S., which provides in pertinent part: "The police department of each chartered municipality shall enforce the traffic laws of this state on all the streets and highways thereof and elsewhere throughout the municipality wherever the public has the right to travel by motor vehicle." (e.s.) Cf., s. 316.072(1), F.S.
Although AGO 83-84 discussed the case of a planned unit development wherein recorded restrictive covenants limited public access to such area, it would appear that the conclusion reached therein is equally applicable in the instant inquiry. You have stated that the roads within the district are private thoroughfares and are not available for use by the public. Moreover, s. 14, Ch. 81-441, Laws of Florida, provides that "[p]ersons entitled to use the facilities and property of the district shall be limited to property owners within the district, their family members and guests and to such other persons and groups as the trustees may authorize from time to time." See, s. 13, Ch. 81-441, Laws of Florida, defining the "`property' of the district" as "property and improvements now or hereafter erected or purchased by the trustees for the district as well as any other real or personal property which the trustees of the district may, in their discretion, determine to be necessary or convenient for the purposes of the district. . . ." Thus, the roads within the district do not appear to be available for the general and common use by the public. Cf., s. 316.003(34), F.S., defining "private road or driveway" as "[a]ny privately owned way or place used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons." (e.s.) And see, AGO 83-84, supra, wherein this office stated that the determination of whether the public has the right to use roadways "involves mixed questions of law and fact which this office cannot address; rather, such issues must be determined by the courts in an appropriate adversary proceeding initiated for that purpose"; AGO 84-46. In light of the foregoing authorities, I am of the opinion that the City of North Port Police Department is not authorized to enforce the provisions of Ch. 316, F.S., within the Holiday Park, Park and Recreation District, when access to and use of the roads within the district is not available to the public.
QUESTION TWO
You also inquire whether traffic control provisions, such as are set forth in Ch. 316, F.S., may be enforced by Holiday Park, Park and Recreation District. It is axiomatic that special districts possess only such powers as are expressly given by statute or necessarily implied therefrom in order to effectuate an expressly granted power. See, e.g., Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage Dist., 82 So. 346 (Fla. 1919); State ex rel. Hathaway v. Smith, 35 So.2d 650 (Fla. 1948); AGO's 85-65, 84-40, 82-89, 80-55, 80-11, 76-200, 74-169, 73-374, and 69-130. Chapter 81-441, Laws of Florida, sets forth the district's powers and duties. See, s. 1, Ch. 81-441. The board of trustees of the district has the power to inter alia, supervise real and personal property owned by the district, enter into contracts on behalf of the district and to promulgate reasonable rules and regulations governing the use of the facilities of the district. Sections 15(c) and (g), Ch. 81-441, Laws of Florida. However, my examination of Ch. 81-441, and Ch. 82-380, Laws of Florida, amending s. 5 of Ch. 81-441, reveals no provision which purports to authorize the district to enforce speed limits and other restrictions similar to those contained in Ch. 316. Nor can I conclude that such authority is necessarily implied because it is essential to carry out the expressly granted general powers of the district. See, AGO 85-65 noting that Ch. 81-441, Laws of Florida, expressly grants only two powers to the district which are outside of or not covered by the "general purpose" of the district (parks and recreation), i.e., the enforcement of certain deed restrictions and the acquisition of existing laundromat facilities. See, ss. 15(h) and 22, Ch. 81-441. And see, Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974) (reasonable doubt as to authority for exercise of a power should be resolved against exercise of such power).
Further, examination of s. 316.640, F.S., reveals that the power of enforcing the traffic laws in this state is vested in certain enumerated entities, none of which includes a special district. In addition, s. 316.008, F.S., authorizes only "local authorities", as defined in s. 316.003(20), F.S., as including officers and public officials only of the several counties and municipalities to exercise the police power to regulate traffic. See, AGO 84-46 stating that a special district has not been granted the authority or jurisdiction to control travel under Ch. 316 or to enforce the traffic laws of the state. And see, AGO 81-18 stating that an agreement between a county and an independent water control district to provide traffic control functions on public roads currently maintained by the district was unnecessary and inappropriate and would have no legal efficacy since Ch. 316, F.S., vests no traffic control authority in such districts. Therefore, it is my opinion that Holiday Park, Park and Recreation District is not authorized to enforce restrictions such as those contained in Ch. 316, F.S., within the district. Moreover as previously discussed, while the City of North Port Police Department is authorized to enforce the state's traffic laws on streets, highways and wherever the public has the right to travel by motor vehicle throughout the municipality, in those areas where the public does not have the right to travel by motor vehicle, municipal police departments have not been granted the right, obligation and authority to enforce the provisions of Ch. 316, regardless of whether the local authorities are called or invited onto such premises.
In sum, it is my opinion, until and unless legislatively or judicially determined otherwise, that the City of North Port Police Department is not authorized to enforce the provisions of Ch. 316, F.S., within the Holiday Park, Park and Recreation District since the general public is not permitted to travel by motor vehicle therein. Moreover, the park and recreation district, a special taxing district, is not authorized to enforce restrictions such as are set forth in Ch. 316 within its boundaries.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General